UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JAMAR COOK,

                         Plaintiff,

          - against -

THE CITY OF NEW YORK and THE NEW
YORK CITY DEPARTMENT OF
CORRECTIONS,

                        Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
1:19-CV-3858 (PKC) (JO)

PAMELA K. CHEN, United States District Judge:

On July 1, 2019, Plaintiff Jamar Cook, who is currently being held at the Otis Bantum Correctional Center on Rikers Island, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983 against Defendants City of New York and the New York City Department of Corrections. (*See generally* Complaint ("Compl."), Dkt. 1.)[1] For the following reasons, the Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismisses Plaintiff's complaint, and grants Plaintiff leave to submit an amended complaint within 30 days of the date of this Order.

## BACKGROUND

Plaintiff's complaint alleges as follows.[2] On June 13, 2019, at 6:30 p.m., Plaintiff—along with other inmates in his unit—was told to report to the bathroom for a strip search. (Compl., at

---

[1] "As an agency of the City [of New York], the Department of Corrections is a non-suable entity." *Benavidez v. Grier*, No. 09-CV-8600 (JGK), 2011 WL 43521, at *3 (S.D.N.Y. Jan. 6, 2011) (quotation omitted). Defendant New York City Department of Corrections is therefore dismissed from this case.

[2] "At the pleadings stage of a case, the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint.'" *Durant v. N.Y.C. Housing Auth.*, No. 12-CV-937 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

1

ECF[3] 18.) Plaintiff informed the search team that he is a Muslim and "it is against his religious beliefs to consent to showing another man his private parts." (*Id.*) A search team officer told Plaintiff that "once you are property of [the Department of Corrections,] you have no rights because you consented them over." (*Id.*) Plaintiff was subsequently "taken to the shower stall and asked to hand over his underwear," after which he "was told to lift his private area—turn and drop making a coughing gesture." (*Id.*) As a result, Plaintiff felt humiliated and "emotionally disrespected." (*Id.*) Plaintiff requests monetary damages. (*Id.* at ECF 20.)

## STANDARD OF REVIEW

A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity." 28 U.S.C. § 1915A(a). "Upon such review, the district court shall dismiss a complaint or any portion thereof that 'is frivolous, malicious, or fails to state a claim upon which relief may be granted' or 'seeks monetary relief from a defendant who is immune from such relief.'" *Harnage v. Lightner*, 916 F.3d 138, 140 (2d Cir. 2019) (quoting § 1915A(b)). Moreover, "notwithstanding any filing fee, or any portion thereof, that may have been paid," the district court "shall dismiss the case at any time if the court determines that the action is frivolous or fails to state a claim on which relief may be granted." *Akassy v. Hardy*, 887 F.3d 91, 97 (2d Cir. 2018) (quotation and alterations omitted); *see* 28 U.S.C. § 1915e(2)(B).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise "the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (quotations omitted), even a *pro se* complaint must plead "enough

---

[3] "ECF" refers to the "Page ID" number generated by the Court's CM/ECF docketing system and not the document's internal pagination.

facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

Having dismissed Defendant New York City Department of Corrections from this case, *supra*, the Court addresses Plaintiff's § 1983 claim against the sole remaining Defendant—the City of New York. "A municipality may be liable under § 1983 only if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (quotations omitted). For purposes of municipal liability, "proof of a single constitutional violation is insufficient, 'unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'" *Venghaus v. City of Hartford*, No 3:06-CV-1452 (DJS), 2012 WL 1050014, at *10 (D. Conn. Mar. 27, 2012) (quoting *City of Okla. City v. Tuttle*, 471 U.S. 808, 824 (1985)). Applying this standard, the Court observes that the facts as currently alleged in Plaintiff's complaint require dismissal of this action, as they are "devoid of any specific allegations that could lead to the inference that an official [city-wide] policy, practice, or custom caused Plaintiff's alleged constitutional injuries." *Treadwell v. Cty. of Putman*, No. 14-CV-10137 (KMK), 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016). Moreover, with respect to the strip search itself, Plaintiff fails to allege facts sufficient to show that his constitutional rights were violated under either the First or Fourth Amendments. *See Pizarro v. Bd. of Corr.*, No. 16-CV-2418 (RJS), 2018 WL 3462512, at *5 (S.D.N.Y. July 17, 2018) ("[C]ourts in this district have

consistently rejected claims that standard strip searches violate the First Amendment rights of Muslim inmates whose religion might forbid them from being seen naked by other individuals." (collecting cases)); *Jean-Laurent v. Wilkerson*, 438 F. Supp. 2d 318, 323 (S.D.N.Y. 2006) ("Generally, strip searches have been upheld [under the Fourth Amendment] as a reasonable security measure within a correctional facility even in the absence of probable cause as long as they related to a legitimate penological goal." (collecting cases)).

However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend his complaint, within 30 days of entry of this Order, to (1) allege an official, city-wide policy, practice, or custom[4] that resulted in the strip search that Plaintiff alleges was unconstitutional; (2) name as defendants the individual officers who directly subjected Plaintiff to the unconstitutional treatment he believes he endured; and/or (3) identify additional circumstances surrounding the strip search at issue that indicate that the search was unrelated to any legitimate penological interest.[5] *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal

---

[4] To state a claim for municipal liability under § 1983, Plaintiff must allege that Defendant City of New York acted in a way that "'implement[ed] or execute[ed] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers' or [was] conducted 'pursuant to governmental 'custom' even though such custom ha[d] not received formal approval through the body's official decision[-]making channels.'" *Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978)).

[5] A strip search—even one that is conducted in violation of an inmate's religious beliefs, will pass constitutional muster under the First Amendment so long as the search served a legitimate penological interest. *See Jean-Laurent*, 438 F. Supp. 2d at 323–24; *Houston v. Schriro*, No. 11-CV-7374 (HB), 2013 WL 4457375, at *9–10 (S.D.N.Y. Aug. 20, 2014). Similarly, the Court notes that "[a] strip search is unconstitutional under the Fourth Amendment if it is unrelated to any legitimate penological goal or if it is designed to intimidate, harass, or punish." *Holland v. City of New York*, 197 F. Supp. 3d 529, 542–43 (S.D.N.Y. 2016) (quotation omitted).

reading of the complaint gives any indication that a valid claim might be stated." (quotation omitted)).

## CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's complaint and grants Plaintiff leave to file an amended complaint within thirty (30) days from the entry of this Order. Plaintiff's amended complaint should (1) allege an official, city-wide policy, practice, or custom that resulted in the strip search that Plaintiff alleges was unconstitutional; (2) name as defendants the individual officers who directly subjected Plaintiff to the unconstitutional treatment he believes he endured; and/or (3) identify additional circumstances surrounding the strip search indicating that it was unrelated to any legitimate penological interest. The Court advises Plaintiff that the amended complaint will replace the original complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Order.

Plaintiff is warned that failure to submit his amended complaint by the deadline will result in dismissal of this action. No summonses shall issue at this time, and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 26, 2019
      Brooklyn, New York

5